IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIR ZAMORA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:25-186 |
| MICHAEL UNDERWOOD, WARDEN FCI ) | Judge Nora Barry Fischer |
| LORETTO, et al., ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

AND NOW, this 23rd day of January, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith A. Pesto on November 18, 2025, (Docket No. 11), recommending that the § 2241 habeas petition filed by Petitioner Samir Zamora be denied without prejudice because he failed to properly exhaust administrative remedies through the approved BOP procedures for his claim challenging the BOP determination that he is ineligible for earned time credits due to a final order of removal from Immigration and Customs Enforcement, Petitioner's Objections which were filed on December 5, 2025, (Docket No. 12), and his Supplement which was filed on January 5, 2026, (Docket No. 13), wherein he argues that he has now fully exhausted his claims as the BOP Administrator for the National Inmate Appeals responded to his BP-11 appeal in correspondence dated December 15, 2025, denied his appeal and advised him that "[a]ny belief that the detainer for deportation upon release is not valid, should be directed to Immigration and Customs Enforcement" and the BOP has no authority to remove the detainer without verification from that agency, (Docket No. 13-2 at 1), this matter having been recently reassigned to the undersigned for prompt disposition, and upon independent review of the

1

record and de novo consideration of the Magistrate Judge's November 18, 2025 Report and Recommendation, (Docket No. 11),

IT IS HEREBY ORDERED that the November 18, 2025 Report and Recommendation [11] is ADOPTED, as supplemented herein;

IT IS FURTHER ORDERED that Petitioner's objections to the Report and Recommendation set forth in his Objections [12] and Supplement [13] are OVERRULED. To that end, Petitioner's recent submissions indicate that he undoubtedly filed this § 2241 petition without exhausting his administrative remedies but he has since completed the exhaustion process through the BOP and his administrative appeal has been denied, with instructions that any challenge to the detainer and order of removal should be directed to ICE. (*See* Docket No. 13). With that said, the § 2241 petition must be denied because Petitioner has not shown that he is entitled to earned time credits as he is a non-citizen subject to an immigration detainer indicating that he has a final order of removal. *See e.g., Pisman v. Warden Allenwood FCI Low*, No. 23-2048, 2023 WL 6618238, at *1 (3d Cir. Oct. 11, 2023) ("Contrary to his argument, Pisman, a foreign citizen assigned a "deportable alien" public safety factor on whom Immigration and Customs Enforcement has a detainer, is ineligible to use earned time credits for immediate release to residential re-entry programs or home confinement, pursuant to BOP regulations."); *Said v. Underwood*, No. 3:23-CV-00164, 2025 WL 90145, at *2 (W.D. Pa. Jan. 14, 2025) ("the Court concludes that Petitioner is ineligible to apply earned time credits under 18 U.S.C. § 3632(d)(4)(E) and will deny the Petition on that basis" as he is subject to a final order of removal).

In addition, Petitioner's complaints that earned time credits must be applied in his case because he has not appeared before an immigration judge and therefore did not receive a final order of removal must be overruled because § 3632(d)(4)(E) is not limited to orders of removal issued by

2

immigration judges but also applies to orders of removal issued by an immigration officer. *See e.g.*, *Said*, 2025 WL 90145, at *2; *Obi v. Underwood*, No. 3:23-CV-274, 2025 WL 3684933, at *2 (W.D. Pa. Dec. 18, 2025).  Based on Petitioner's submissions and the records from his cases in the U.S. District Court for the Middle District of Florida, he is a Colombian national who was paroled into the United States for prosecution and was previously prosecuted in that District for a similar offense, served a period of imprisonment and was deported.  *See United States v. Zamora*, 8:17-cr-00448-MSS-CPT-3, Judgment, Docket No. 74 (M.D. Fla. Feb. 16, 2018) (stating that defendant was paroled into the U.S. for prosecution), He has also made filings in his criminal case indicating that he expects to be deported after he serves the current sentence.  *See id.*, *pro se* Notice of Inquiry, Docket No. 117 (M.D. Fla. Oct. 17, 2022) (defendant stating that he needs the status of his case and certain documents so that he can oppose any government hinderance to serving his sentence and being promptly deported to his home country of Colombia).  Hence, his § 2241 petition must be denied. *Montano v. Peters et al.*, Civ. A. No. 3:24-cv-143-NBF-KAP, Docket No. 8 (W.D. Pa. Sept. 30, 2025) (denying § 2241 petition of inmate challenging computation of sentence for no earned time credits as he was non-citizen paroled into the United States for drug trafficking prosecution and subject to final order of removal);

IT IS FURTHER ORDERED that the § 2241 Petition (Docket No. 3) is denied, with prejudice, and no certificate of appealability shall issue, *see Goodloe v. Warden Lewisburg USP*, 2025 WL 342189, *1, n.1 (3d Cir. 2025) (citing *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability"); and,

IT IS FURTHER ORDERED that an appropriate Judgment follows.

                                              *s/Nora Barry Fischer*
                                              Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: Magistrate Judge Keith A. Pesto

cc:     SAMIR ZAMORA
        53787-018
        LORETTO
        FEDERAL CORRECTIONAL INSTITUTION
        Inmate Mail/Parcels
        P.O. BOX 1000
        CRESSON, PA 16630 (via first class mail)